IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR-F-08-00273 OWW |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER RE: MOTION TO DISMISS AND |
| | ) | MOTIONS IN LIMINE |
| | ) | |
| RALPH ANTHONY MALDONADO Jr., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

    The Court heard and considered defendant's motion to dismiss counts Two, Three, and Four of the Second Superseding Indictment as well as motions in limine.  Plaintiff United States of America was represented by David Gappa, Assistant United States Attorney, and defendant was represented by Charles Magill.  After full opportunity to be heard, the Court entered the following rulings.

    1.   Motion to Dismiss.

    The motion is untimely but the Court has reviewed and considered it.  The motion is denied.  Federal criminal practice requires that a charging document provide a defendant with fair notice of the charges and provide a basis for any special defenses

1

that might be asserted.  A defendant must be given notice of which conduct to defend against.  But there is no motion to dismiss on the pleadings, as in civil practice.  Here the language of the statute has been used, and specific date ranges have been provided.  The defense has not filed a motion for bill of particulars, and the government has represented that it has provided all relevant evidence in discovery.  The government is ordered to identify the transcripts of the communications that form the basis of the charged offenses, and it has agreed to do that by the close of business on August 19, 2009.  The defense may renew its motion after evidence has been presented at trial as a motion for judgment of acquittal.

   2.   Motion to Exclude Character Evidence.

   The government has moved to exclude character evidence related to the defendant.  In federal criminal practice, evidence of character is limited to an opinion on a person's character for truthfulness or untruthfulness.  And it must be presented in the form of an opinion or reputation.  Specific instances of conduct may not be proved by extrinsic evidence.  Although the defendant seeks to offer abundant evidence of his good character and/or conduct, that evidence cannot be admitted on the issue of guilt or innocence.  The court can consider it in the context of sentencing.  Therefore, character evidence is limited to opinion evidence regarding a reputation for truthfulness or untruthfulness. The motion is GRANTED.

   3.   Motion to Preclude Proposed Expert Testimony

   The defendant will not be allowed to present expert or opinion evidence or testimony on issues related to the defendant's

mental state relative to whether he could have or did have the ability or intent to commit the charged offenses.  Further, the defendant has not offered testimony from a person with appropriate qualifications to address his mental state, and for these reasons, no testimony on this subject will be permitted.

The defendant has proposed testimony from Jeffrey Douglas on the issue of community standards.  The court will not allow Mr. Douglas to render an opinion on whether or not any particular item is or is not obscene.  Nor can he give an opinion or state what material is acceptable in the community.  That would invade the province of the jury and violate the prohibition against rendering a legal opinion on the ultimate issue the jury must decide.  The court will allow Mr. Douglas to narrowly testify about the type of material that is in general circulation within a relevant community.  Mr. Douglas is ordered to provide by 12:00 p.m. on August 20, 2009, any supplemental statement of opinion and the basis for the opinion. The court is willing to entertain further argument on related issues once the supplemental report has been provided and reviewed.

4.   Reference to Punishment.

Under no circumstances shall either party, or any witness, reference any possible punishment that might result from this case.  That is an issue solely for the court to address and decide.  The defendant may not address this issue directly or indirectly in his testimony.  This testimony is simply not relevant for a jury's consideration, and they will be instructed that it is not an issue for the jury to consider.

5.   Sexually Explicit Material.

   The defendant shall prepare a proposed order regarding the release of sexually explicit material depicting himself.

   6.  Witness lists.

   The parties have agreed to exchange witness lists on August 21, 2009.


IT IS SO ORDERED.

**Dated:   August 20, 2009**           /s/ Oliver W. Wanger
                                UNITED STATES DISTRICT JUDGE