**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 1:08-cr-0273 OWW |
| | ) | |
| Plaintiff, | ) | MEMORANDUM DECISION AND |
| | ) | ORDER RE SENTENCING |
| v. | ) | |
| | ) | |
| RALPH ANTHONY MALDONADO, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

This statement of decision rules on Defendant's request for a three level reduction for acceptance of responsibility. A jury in this case convicted Defendant of transferring obscene material to minors and attempting to do so in violation of 18 U.S.C. § 1470. Defendant was convicted August 28, 2009.

Defendant's continued sentencing hearing regularly came on for hearing November 23, 2009 in Courtroom 3.

Defendant requested a downward adjustment in his offense level for acceptance of responsibility under the United States Sentencing guidelines. The Defendant is not entitled to such a reduction for acceptance of responsibility for the following reasons. The Defendant pleaded not guilty to the charged offense and put the government to its burden of proof at trial. The

1

1  Defendant never admitted the elements of the charged crime.
2  Defendant challenged the legal sufficiency of the evidence to
3  prove the crime, challenged the facts that were proved at trial,
4  denied that he had the requisite intent, denied that any of the
5  material he transmitted or solicited over the internet was
6  obscene, and sought to establish that he was a minor during times
7  he transmitted obscene images of himself.  He disputed that he
8  transmitted images of himself, claimed that it was somebody else
9  who exposed his penis and masturbated online, and that someone
10 else was responsible for transmitting Defendant's obscene images.
11 Defendant offered expert testimony that the material he
12 transmitted was not obscene.  Defendant sought to introduce
13 expert testimony that he lacked any criminal intent.  Defendant
14 further argued that his sexual addiction prevented him from
15 having the mental ability to form the criminal intent necessary
16 to support a conviction. Such testimony was not admitted.

17      Defendant offered testimony and argued to the jury that the
18 photographs of himself transmitted over the internet were not
19 obscene and did not meet any community standard defining
20 obscenity.

21      Post-trial, Plaintiff has argued that he has, in a televised
22 interview, denied being a predator or pedophile and that his
23 conduct of exposing himself and inviting minor females to expose
24 themselves and transmit images of their exposed private parts to
25 him, was common socially acceptable conduct and not criminal.  He
26 has argued that he should not be prosecuted in federal court
27 given his age, although he has reached the age of majority before
28 the time the criminal conduct occurred for which he has been

convicted and during his media appearance.

Defendant has cited *United States v. Rosenthal*, 266 F.Supp.2d 1091, 1095 (N.D. Cal. 2003), a case entirely distinguishable and is a non-binding District Court case from another district.  The *Rosenthal* case construed an earlier version of the United States Sentencing guidelines no longer in effect, at a time when the Guidelines were mandatory, rather than advisory.  In *Rosenthal*, the defendant admitted the charged offense, cultivation of marijuana, and never argued the evidence was insufficient to convict him, contrary to this case in which Defendant has done anything and everything to deny responsibility for and guilt of the charged offense.  In *Rosenthal*, the Defendant made a constitutional challenge to the medical marijuana laws.  In this case, Defendant has not made a constitutional challenge to 18 U.S.C. § 1470 and instead, argued that the evidence is insufficient to support a conviction for the charged offense.

## CONCLUSION

Defendant has not accepted responsibility, to the contrary, he has contested his guilt in every way.  For all these reasons, Defendant's request for a two or three level reduction for acceptance of responsibility is DENIED.

IT IS SO ORDERED.

Dated:   November 25, 2009              /s/ Oliver W. Wanger
                                        UNITED STATES DISTRICT JUDGE